*Suffolk Superior Civil* # 04-3993 D

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

SHAHEN EDWARDS,
        Plaintiff,

v.

LARRY WELCH, EDDY CHRISPIN
and J. NICKROSZ,
        Defendants.

04 - 12468 JLT

NOTICE OF REMOVAL

(PURSUANT TO 28 U.S.C. §1441)

Defendants Eddy Chrispin and Larry Welch hereby give notice

of the removal of this action pursuant to 28 U.S.C. §1441, from

the Superior Court Department of the Trial Court of

Massachusetts, in which court the action is entitled with the

same caption and which is pending in Suffolk Superior Court as

Civil Action No. 04-03993.

        In support of this notice, the Defendants state that:

1.   The action appears to be grounded in the laws and

     Constitution of the United States of America.  Counts III

     and VI of the Plaintiff's Complaint (directed against

     Welch and Chrispin, respectively) allege violations of the

     Plaintiff's civil rights under 42 U.S.C. §1983.

## COPY

2. This notice of removal is filed within thirty (30) days from service of the Complaint upon Welch and Chrispin on October 25, 2004.


3. The consent of the remaining Defendant J. Nicrosz cannot be obtained because he is deceased (and therefore cannot have been served).


I HEREBY ATTEST AND CERTIFY ON

NOV. 26, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Lorraine A. Antonca_

ASSISTANT CLERK.

Respectfully submitted,

DEFENDANTS, LARRY WELCH and EDDY CHRISPIN,

Merita A. Hopkins
Corporation Counsel

By their attorney:

James M. Chernetsky
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048
BBO# 638152

# COPY

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served a true and complete copy of the foregoing document upon the *pro se* Plaintiff, via U.S. Mail addressed to #0300848, Suffolk County House of Corrections, 20 Bradston Street, Boston, Massachusetts.

11-27-04
Date

James M. Chernetsky

3

MAS-20030912
guen

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

11/23/2004
03:50 PM

# SUCV2004-03993
## Edwards, #0300848 v Welch, BPO et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 09/09/2004 | Status | Disposed: transferred to other court (dtrans) | | |
| Status Date | 11/23/2004 | Session | D - Civil D | | |
| Origin | 1 | Case Type | E96 - Prisoner Cases | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 12/08/2004 | Answer | 02/06/2005 | Rule12/19/20 | 02/06/2005 |
| Rule 15 | 02/06/2005 | Discovery | 07/06/2005 | Rule 56 | 08/05/2005 |
| Final PTC | 09/04/2005 | Disposition | 11/03/2005 | Jury Trial | No |

### PARTIES

**Plaintiff**
Shahen  Edwards, #0300848
Suffolk Co. House of Correction
20 Bradston Street
Boston, MA 02118
Active (prisoner) 09/27/2004 Notify

**Defendant**
Larry  Welch, BPO
Service pending 09/27/2004

**Private Counsel 638152**
James M Chernetsky
Boston (City of) Law Dept
1 City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-4048
Active 11/23/2004 Notify

*** See Attorney Information Above ***

**Defendant**
Eddy  Chrispin, BPO
Service pending 09/09/2004

**Defendant**
J  Nickrosz, BPO
Service pending 09/09/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 09/09/2004 | 1.0 | Affidavit of indigency and Request for Waiver, substitution or state payment of normal fees & costs, filed & allowed subject to review by a Judge (IMPOUNDED) |

case01 241962 y y y y y y

MAS-20030912
guen

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

11/23/2004
03:50 PM

## SUCV2004-03993
### Edwards, #0300848 v Welch, BPO et al

| Date | Paper | Text |
|------|-------|------|
| 09/09/2004 | | Origin 1, Type E96, Track F. |
| 09/09/2004 | 2.0 | Complaint filed |
| 09/09/2004 | 3.0 | Civil action cover sheet filed |
| 09/28/2004 | 4.0 | ORDER TO COUNTY SHERIFF TO PROVIDE CERTAIN INFORMATION REGARDING INMATE ACCOUNT RELATIVE TO PLAINTIFF'S MOTION TO WAIVE FILING FEE AND PROCEED IN FORMA PAUPERIS -- The plaintiff in the above-captioned action has filed a motion to waive the filing fee and court costs (normal) and to proceed in forma pauperis. Pursuant to G.L. c261 s29, the correctional facility where the prisoner is currently incarcerated shall file a document showing the current status of the plainitff's canteen account and savings account, if any, and the account activity for the past six (6) months. The document shall be filed within thirty (30) days of the date of this order. The statement is to be mailed to: SUFFOLK SUPERIOR COURT, CIVIL CLERK'S OFFICE, PRISONER DEPARTMENT, RM. 810, 90 DEVONSHIRE STREET, BOSTON, MA. 02109. By the Court, (White, Justice) Notice Sent 09/28/2004. |
| 09/28/2004 | 5.0 | ORDER: After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action: Service is to be made upon defendant(s) by means of certified mail by plaintiff. A copy of the complaint is to be sent to the Office of the Attorney General or the Department of Corrections by the Plaintiff. (White, Justice) Notice Sent 09/28/2004. |
| 10/26/2004 | 6.0 | ORDER: NOTICE OF WAIVER OF COURT COSTS AND REQUEST FOR PAYMENT TO BE WITHDRAWN FROM ACCOUNT (PURSUANT TO G.L.c.261 sec.29) -- The Prisoner/plaintiff in the above-captioned action has filed a motion to waive the filing fee of $275.00 and court costs (normal) and to proceed in forma pauperis. After reviewing the affidavit of indigency and the statement of inmate account provided by the correctional facility, the court hereby orders: The plaintiff is incapable of paying the filing fee and may proceed in forma pauperis. By the Court (White, Justice) (Dated 10/25/2004) Notice Sent 10/26/2004. |
| 11/23/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. Larry Welch and Eddy Chrispin U. S. Dist.#(04-12468JLT). |
| 11/23/2004 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

. HEREBY ATTEST AND CERTIFY ON
NOV. 26, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
ASSISTANT CLERK.

*1*

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET#: **SUCV2004-03993-D**

RE:   Edwards v Welch, BPO et al

TO:   Shahen Edwards
Suffolk County House Correction
60 Bradston Street
Boston, MA 02118

-------------

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **09/09/2004** the following entry was made on the above referenced docket:

**Affidavit of indigency and Request for Waiver, substitution or state payment of normal fees & costs, filed & allowed subject to review by a Judge (IMPOUNDED)**

Dated at Boston, Massachusetts this 27th day of September, 2004.

Michael Joseph Donovan,
Clerk of the Courts

BY:
Assistant Clerk

. HEREBY ATTEST AND CERTIFY ON

NOV. 26, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

Telephone: 617-788-8110

BY

ASSISTANT CLERK.

cvdgeneric_2.wpd 2579078 affind powersje

2

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUFFOLK, ss.

Shahen Edwards )
)
v. ID# )
)
Larry Welch (10601) ID# )
and )
Eddy Chrispin (9254) )
and )
J. Nickrosz (12273) )

SUPERIOR CIVIL COURT

DOCKET NO. 4-3993-D

COMPLAINT

## PARTIES

1. The plaintiff in all counts is _Shahen Edwards_ Inmate # _0300848_, Suffolk County House of Correction, 20 Bradston Street, Boston, MA 02118.

2. The defendant in Counts One, Two, and Three is _Larry Welch_, a Boston Police officer with a business address of One Schroeder Plaza, Boston, MA 02120.

3. The defendant in Counts Four, Five, and Six is _Eddy Chrispin_, a Boston Police officer with a business address of One Schroeder Plaza, Boston, MA 02120.

4. The defendant in Counts Seven, Eight, and Nine, is _J. Nickrosz_, a Boston Police officer with a business address of One Schroeder Plaza, Boston, MA 02120.

## COUNT ONE

1. This count is against defendant _Larry Welch_ for the intentional tort of assault and battery against plaintiff under common law.

2. On or about _October 5, 2001_, defendant _Larry Welch_, a Boston Police Officer, without consent, justification, or excuse, intentionally used more force that reasonably necessary to arrest plaintiff.

3. On or about _October 5, 2001_, defendant _Larry Welch_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally struck and harmed the plaintiff as follows: _I was handcuffed and then punched, kicked, dragged down a flight of stairs and hit with a gun in the right eye. Also I was verbally abused and threaten while I was being battered by this officer_.

4. The conduct of defendant _Larry Welch_ in striking plaintiff and in using excessive force in said arrest has constituted an intentional assault and battery against plaintiff in violation of common law.

5.    As the result of the conduct of defendant _Larry Welch_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

6. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a suit for a intentional tort.

7. Plaintiff therefore claims relief for intentional assault and battery by defendant _Larry Welch_, personally, under the common law.

Wherefore, Plaintiff prays for judgment against defendant _Larry Welch_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT TWO

1. This count is against the defendant _Larry Welch_ personally for civil rights violations against plaintiff under state law, M.G.L. c. 12 s. 11I.

2. On or about _October 5, 2001_, defendant _Larry Welch_, a Boston Police Officer, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _October 5, 2001_, defendant _Larry Welch_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _punched me in the mouth, dragged me down a flight of stairs, kicked me, verbally abused, threaten and hit me in my right eye with gun._

4. The conduct of defendant _Larry Welch_ in using excessive force in said arrest has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under state law.

5.    The conduct of defendant _Larry Welch_ in using excessive force in said arrest constituted a form of coercion against plaintiff in that it forced plaintiff to suffer an unauthorized, cruel punishment of an unlawful beating.

6.    As the result of the conduct of defendant _Larry Welch_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callous conduct against defendant _Larry Welch_, personally, for violations of civil rights under state law.

Wherefore, Plaintiff prays for judgment against defendant _Larry Welch_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT THREE

1. This count is against the defendant _Larry Welch_, a Boston Police Officer, personally for civil rights violations against plaintiff under federal law, 42 U.S.C s. 1983.

2. On or about _October 5, 2001_, defendant _Larry Welch_, a Boston Police Officer, under color of state law, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _October 5, 2001_, defendant _Larry Welch_, a Boston Police Officer, under color of state law, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _punched me, dragged me down a flight of stairs, kick me, verbally abused, threaten and hit me in right eye with gun._

4. The conduct of defendant _Larry Welch_ in using excessive force in said arrest under color of state law has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under federal law.

5. The conduct of defendant _Larry Welch_ in using excessive force in said arrest forced plaintiff to suffer the unauthorized, cruel punishment of an unlawful beating.

6. As the result of the conduct of defendant _Larry Welch_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callous conduct against defendant _Larry Welch_, personally, for violations of civil rights under federal law.

Wherefore, Plaintiff prays for judgment against defendant _Larry Welch_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT FOUR

1. This count is against defendant _Eddy Chrispin_ for the intentional tort of assault and battery against plaintiff under common law.

2. On or about _October 5, 2001_, defendant _Eddy Chrispin_, a Boston Police Officer, without consent, justification, or excuse, intentionally used more force that reasonably necessary to arrest plaintiff.

3. On or about _October 5, 2001_, defendant _Eddy Chrispin_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally struck and harmed the plaintiff as follows: _punched me, dragged me down a flight of stairs, kicked me, threaten and verbally abused me._

4. The conduct of defendant _Eddy Chrispin_ in striking plaintiff and in using excessive force in said arrest has constituted an intentional assault and battery against plaintiff in violation of common law.

5.     As the result of the conduct of defendant _Eddy Chrispin_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

6. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a suit for a intentional tort.

7. Plaintiff therefore claims relief for intentional assault and battery by defendant _Eddy Chrispin_, personally, under the common law.

Wherefore, Plaintiff prays for judgment against defendant _Eddy Chrispin_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT FIVE

1. This count is against the defendant _Eddy Chrispin_ personally for civil rights violations against plaintiff under state law, M.G.L. c. 12 s. 111.

2. On or about _October 5, 2001_, defendant _Eddy Chrispin_, a Boston Police Officer, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3.  On or about _October 5, 2001_, defendant _Eddy Chrispin_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _punched me, dragged me down a flight of stairs, kicked me, threaten and verbally abused me._

4.    The conduct of defendant _Eddy Chrispin_ in using excessive force in said arrest has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under state law.

5.    The conduct of defendant _Eddy Chrispin_ in using excessive force in said arrest constituted a form of coercion against plaintiff in that it forced plaintiff to suffer an unauthorized, cruel punishment of an unlawful beating.

6.    As the result of the conduct of defendant _Eddy Chrispin_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callos conduct against defendant _Eddy Chrispin_, personally, for violations of civil rights under state law.

Wherefore, Plaintiff prays for judgment against defendant _Eddy Chrispin_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT SIX

1. This count is against the defendant _Eddy Chrispin_, a Boston Police Officer, personally for civil rights violations against plaintiff under federal law, 42 U.S.C s. 1983.

2. On or about _October 5, 2001_, defendant _Eddy Chrispin_ a Boston Police Officer, under color of state law, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _October 5, 2001_, defendant _Eddy Chrispin_, a Boston Police Officer, under color of state law, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _punched me, dragged me down a flight of stairs, kicked me, threaten and verbally abused me._

4. The conduct of defendant _Eddy Chrispin_ in using excessive force in said arrest under color of state law has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under federal law.

5. The conduct of defendant _Eddy Chrispin_ in using excessive force in said arrest forced plaintiff to suffer the unauthorized, cruel punishment of an unlawful beating.

6. As the result of the conduct of defendant _Eddy Chrispin_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callous conduct against defendant _Eddy Chrispin_, personally, for violations of civil rights under federal law.

Wherefore, Plaintiff prays for judgment against defendant _Eddy Chrispin_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT SEVEN

1. This count is against defendant _J. Nickrosz_ for the intentional tort of assault and battery against plaintiff under common law.

2. On or about _October 5, 2001_, defendant _J. Nickrosz_, a Boston Police Officer, without consent, justification, or excuse, intentionally used more force that reasonably necessary to arrest plaintiff.

3. On or about _October 5, 2001_, defendant _J. Nickrosz_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally struck and harmed the plaintiff as follows: _punched me, dragged me down a flight of stairs, kicked me, threaten and verbally abused me._

4. The conduct of defendant _J. Nickrosz_ in striking plaintiff and in using excessive force in said arrest has constituted an intentional assault and battery against plaintiff in violation of common law.

5.     As the result of the conduct of defendant _J. Nickrosz_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

6. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a suit for a intentional tort.

7. Plaintiff therefore claims relief for intentional assault and battery by defendant _J. Nickrosz_, personally, under the common law.

Wherefore, Plaintiff prays for judgment against defendant _J. Nickrosz_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT EIGHT

1. This count is against the defendant _J. Nickrosz_ personally for civil rights violations against plaintiff under state law, M.G.L. c. 12 s. 11I.

2. On or about _October 5, 2001_, defendant _J. Nickrosz_, a Boston Police Officer, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _October 5, 2001_, defendant _J. Nickrosz_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _punched me, dragged me down a flight of stairs, kicked me, threaten and verbally abused me._

4.     The conduct of defendant _J. Nickrosz_ in using excessive force in said arrest has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under state law.

5.     The conduct of defendant _J. Nickrosz_ in using excessive force in said arrest constituted a form of coercion against plaintiff in that it forced plaintiff to suffer an unauthorized, cruel punishment of an unlawful beating.

6.     As the result of the conduct of defendant _J. Nickrosz_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callos conduct against defendant _J. Nickrosz_, personally, for violations of civil rights under state law.

Wherefore, Plaintiff prays for judgment against defendant _J. Nickrosz_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT NINE

1. This count is against the defendant _J. Nickrosz_, a Boston Police Officer, personally for civil rights violations against plaintiff under federal law, 42 U.S.C s. 1983.

2. On or about _October 5, 2001_, defendant _J. Nickrosz_, a Boston Police Officer, under color of state law, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _October 5, 2001_, defendant _J. Nickrosz_, a Boston Police Officer, under color of state law, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _punched me, dragged me down a flight of stairs, kicked me, threaten and verbally abused me._

4. The conduct of defendant _____ in using excessive force in said arrest under color of state law has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under federal law.

5. The conduct of defendant _J. Nickrosz_ in using excessive force in said arrest forced plaintiff to suffer the unauthorized, cruel punishment of an unlawful beating.

6. As the result of the conduct of defendant _J. Nickrosz_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callous conduct against defendant _J. Nickrosz_, personally, for violations of civil rights under federal law.

Wherefore, Plaintiff prays for judgment against defendant _J. Nickrosz_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

Date: _8-31-04_

_Shahen Edwards_
(Signature)
_Shahen Edwards_, pro se
(Printed Name)
Booking No. _0300848_
Suffolk County House of Correction
20 Bradston Street
Boston, MA 02118

I HEREBY ATTEST AND CERTIFY ON
NOV. 26, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

KTIFFS
Shaheen Edwards

PRO-SE

ard of Bar Oversees # (Required)

DEFENDANTS (P.O.)
Welch, Crispin, NicKrosz

ATTORNEY(S) (if known)
1-0093-1

## ORIGIN CODE AND TRACK DESIGNATION

ace an [X] in one box only:

☐ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup. Ct. c.231, s. 104 (F)
☐ 3. F03 Retransfer to Sup. Ct. c.231, s. 102C (X)

☐ 4. F04 District Ct. Appeal c.231, s. 97 (X)
☐ 5. F05 Reactivated after Rescript; Relief from Judgment/order (Mass. R. Civ. P. 60) (X)
☐ 6. E10 Summary process appeal (X)

| CODE NO. E96 | TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side) | | |
|---|---|---|---|
| | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| | Tort | (F) | [X] Yes ☐ No |

**1. PLEASE GIVE A CONCISE STATEMENT OF THE FACTS: (Required in ALL Types of Actions)**

Defendants used excessive force when arresting plaintiff.

**2. IN A CONTRACT ACTION (CODE A) OR A TORT ACTION (CODE B) STATE, WITH PARTICULARITY, MONEY DAMAGES WHICH WOULD WARRANT A REASONABLE LIKELIHOOD THAT RECOVERY WOULD EXCEED $25,000.**

**3. PLEASE IDENTIFY, BY CASE NUMBER, NAME AND DIVISION, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.**

NATURE OF ATTORNEY OF RECORD OR PLAINTIFF    *Shaheen Edwards*    DATE 8-31-04

## OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE

### DISPOSITION

A. Judgment Entered
☐ 1. Before jury trial or non-jury hearing
☐ 2. During jury trial or non-jury hearing
☐ 3. After jury verdict
☐ 4. After court finding
☐ 5. After post trial motion

B. No Judgment Entered
☐ 6. Transferred to District Court under G.L. c.231, s.102C.

Disposition Date _____

RECEIVED
BY:
DATE:

DISPOSITION ENTERED
BY:
DATE:

FJ 6-mts-020-0/81

CLERK MAGISTRATE COPY

. HEREBY ATTEST AND CERTIFY ON

NOV. 26, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

**Commonwealth of Massachusetts**
County of Suffolk
The Superior Court

CIVIL DOCKET#: **SUCV2004-03993**

Shahen Edwards, #0300848,
Plaintiff(s)

vs.

Larry Welch, BPO, Eddy Chrispin, BPO, J Nickrosz, BPO,
Defendant(s)

Shahen Edwards, #0300848
Suffolk Co. House of Correction
20 Bradston Street
Boston, MA 02118

### ORDER TO COUNTY SHERIFF TO PROVIDE CERTAIN INFORMATION REGARDING INMATE ACCOUNT RELATIVE TO PLAINTIFF'S MOTION TO WAIVE FILING FEE AND PROCEED IN FORMA PAUPERIS

The plaintiff in the above-captioned action has filed a motion to waive the filing fee and court costs (normal) and to proceed in forma pauperis.

Pursuant to G.L. c261 s29, the correctional facility where the prisoner is currently incarcerated shall file a document showing the current status of the plaintiff's canteen account and savings account, if any, and the account activity for the past six (6) months. The document shall be filed within thirty (30) days of the date of this order. The statement is to be mailed to:

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
PRISONER DEPARTMENT, RM. 810
90 DEVONSHIRE STREET
BOSTON, MA. 02109

Dated at Boston, Massachusetts this 28th day of September, 2004.

By the Court, (White, Justice)

BY _Loraine A. Antosca_
Assistant Clerk

Notice Sent:    09/28/2004    (ah)
S.E. -(Pro Se)    A.J.C. - SHERIFF

. HEREBY ATTEST AND CERTIFY ON
NOV. 26, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _Loraine A. Antosca_
ASSISTANT CLERK.

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                               NO.  04-3993-D

PRISONER PETITIONS – CIVIL ACTION DISPOSITION SHEET

TO:             SHAHEN EDWARDS, #0300848
ADDRESS:        SUFFOLK COUNTY HOUSE OF CORRECTION
                20 BRADSTON STREET
                BOSTON, MA.  02118

DATE:

After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action:

( )   (See attached Order)

(✓)   Service is to be made upon
      defendant(s) by means of (certified)
      (_____) mail by plaintiff(s).

(✓)   A copy of the complaint is to be sent
      to the Office of the Attorney General
      or the Department of Corrections by
      the plaintiff(s).

( )   a copy of the petition is to be sent to
      the Mass. Correction Legal Service
      for review and report as to legal
      representation in this matter.

( )   The trial date of this case will be
      scheduled by the Clerk's Office and
      you will be notified.

( )   The case is to be heard by the Court
      on the basis of briefs and affidavits
      only on _____,
      pursuant to the (plaintiff's)
      (defendant's) motion _____.

( )   _____
      _____
      _____

      NOTICE SENT:   09/28/2004  (ah)
      S.E. –(Pro Se)

      SUMMONSES, ETC. MAILED

( )   The correspondence is to be returned
      to you because:

      ( )   it fails to state a claim upon
            which relief can be granted.

      ( )   it is a duplication of your
            pending case in this Court.

      ( )   it fails to comply with the
            procedural requirements of
            Mass. G.L. 258 (Mass. Tort
            Claims Act) of providing six
            months notice to the
            defendant prior to the filing
            of a complaint and
            specifically naming the
            Commonwealth as a
            defendant.

      ( )   It fails to state that the proper
            administrative remedies have
            been exhausted.

      ( )   It is incomprehensible.

DATE: 9-28-04

                    White, J.          J.

ATTEST: _____
            ASSISTANT CLERK

. HEREBY ATTEST AND CERTIFY ON
NOV. 26, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY_____
    ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT


SPECIAL AMENDMENT TO SUPERIOR COURT RULE 9A
FOR INMATE CIVIL CASES


Inmates who have <u>Civil Cases</u> pending in Superior Court will not be required to comply with the changes in Rule 9A which became effective in January, 1990. That is, instead of "packaging" motions and responses thereto, as required by the amended Rule 9A, inmates may follow the old Rule 9A which allows direct mailing of all motions and responses to the Clerk-Magistrate's Office. This Special Amendment will relieve inmates of the burden of packaging motions and responses, and also save them the cost of mailing said package to the Clerk's Office.


Robert L. Steadman, J.
Chief Justice of the Superior Court

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                           SUPERIOR COURT

<u>ADMINISTRATIVE DIRECTIVE   92-1</u>

This administrative directive is implemented to address the unique problems that often accompany a civil action that is filed by someone who is incarcerated.  Its aim is to promote a just and speedy resolution of these civil actions by ensuring:

1.   That upon filing, the complaint is entered expeditiously and appropriate notice is sent.

2.   That all named parties receive actual notice of the litigation.

3.   That the cases proceed in a timely and cost effective manner.

Accordingly, it is ordered that upon the filing of the complaint, the Clerk is to pass upon the sufficiency of the affidavit of indigency ( in almost all cases, the prisoner is indigent but has access to limited funds) and if indigent, to authorize service of process by certified mail on all named defendants - copy to the Attorney General.  With notification of this action, the Clerk is to provide the plaintiff with the appropriate number of blank summonses.  It is the obligation of the plaintiff to provide the requisite number of copies of the complaint and to complete the summons to perfect service.  In those rare instances wherein the plaintiff has no funds, (ex: not in the general population of the prison), service may be authorized by regular mail and the Court is to provide the appropriate number of blank summonses.

With the notice of the Court's action, the plaintiff is also to be notified of what is required in filing a return of service and of the waiving of that part of Superior Court Rule 9A which requires the packaging of motions and responses thereto.

When a complaint filed by an inmate requires other that money damages, the complaint is to be reviewed by a justice for whatever action he or she deems appropriate.  For example, it is the discretion of the justice to decide a requisite for a preliminary injunction upon the submissions and not the presence of the inmate.

This administrative directive is to take effect forthwith.

Robert L. Steadman
Chief Justice of the Superior Court

Dated: May 1, 1992

Date_____
Case to enter w/o fee. Plaintiff(s) to serve by certified mail, copy
to Attorney General. Summonses sent to Plaintiff at no cost.
H e a r i n g    s e t    f o r
_____
_____
_____
(          )          ATT:_____
                                        Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                          SUPERIOR COURT


NOTICE


RE:   CIVIL PRISONER COMPLAINTS

Your return of service must be in compliance with the Court's endorsement entered on your complaint at the time of entry. If a complaint is to be served by certified mail, the return must be accompanied Certified with Return Receipt Card. If the receipts are unavailable, the return should be accompanied by Affidavit of Service stating that the complaint was served by certified mail. Additionally, all documents filed in Court must contain an original signature. Failure to comply with these rules will result in the returning of documents.


_____

Assistant Clerk


DATE:

# Commonwealth of Massachusetts
## County of Suffolk
### The Superior Court

6.

CIVIL DOCKET#: **SUCV2004-03993**

Shahen Edwards, #0300848,
             Plaintiff(s)

vs

Larry Welch, BPO, Eddy Chrispin, BPO, J Nickrosz, BPO,
             Defendant(s)

## NOTICE OF WAIVER OF COURT COSTS AND REQUEST
## FOR PAYMENT TO BE WITHDRAWN FROM ACCOUNT
## (PURSUANT TO G.L. c. 261 sec. 29)

         The prisoner/plaintiff in the above-captioned action has filed a motion to waive the filing fee of **$275.00** and court costs (normal) and to proceed in forma pauperis.  After reviewing the affidavit of indigency and the statement of inmate account provided by the correctional facility, the court hereby orders:

_____     The plaintiff is incapable of paying the filing fee and may proceed in forma pauperis.

Dated:  10/25/2004

                                                    By the Court (White, J.)

                                          BY:

                                                    Assistant Clerk

. HEREBY ATTEST AND CERTIFY ON

NOV. 26, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

NOTICE SENT:     10/26/2004     (ah)
S.E. -(Pro Se)