UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12468-JLT

SHAHEN EDWARDS,
    Plaintiff,

v.

LARRY WELCH, EDDY CHRISPIN
and J. NICKROSZ,
    Defendants.

**ANSWER OF DEFENDANT EDDY CHRISPIN**
**WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**.

NOW COMES Eddy Chrispin, Defendant in the above-entitled action, and hereby answers the Complaint of the Plaintiff, as follows:

**PARTIES**

1. Defendant Chrispin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One of the Complaint, and therefore neither admits nor denies said allegations.

2. Defendant Chrispin admits the allegations contained in Paragraph Two of the Complaint.

3. Defendant Chrispin admits the allegations contained in Paragraph Three of the Complaint.

4. Defendant Chrispin denies the allegations contained in Paragraph Four of the Complaint.

### COUNT ONE

Defendant Chrispin does not answer Count One, as it is directed against another defendant.

### COUNT TWO

Defendant Chrispin does not answer Count Two, as it is directed against another defendant.

### COUNT THREE

Defendant Chrispin does not answer Count Three, as it is directed against another defendant.

### COUNT FOUR

1. Paragraph One of Count Four contains a preliminary statement summarizing the Plaintiff's allegations within the Count, and as such does not require a response. To the extent that the Plaintiff's preliminary statement makes factual allegations against Defendant Chrispin, they are denied.

2. Paragraph Two of Count Four states a legal conclusion and as such does not require a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

3. Paragraph Three of Count Four states a legal conclusion and as such does not require an a response. To the extent that the

   paragraph makes factual allegations against Defendant Chrispin, they are denied.

4. Paragraph Four of Count Four states a legal conclusion and as such does not require an a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

5. Defendant Chrispin denies the allegations contained in Paragraph Five of Count Four.

6. Paragraph Six of Count Four states a legal conclusion and as such does not require an a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

7. Paragraph Seven of Count Four contains the Plaintiff's prayer for relief for this count, and as such does not require a response. To the extent that the Plaintiff's prayer for relief makes factual allegations against Defendant Chrispin, they are denied.

## COUNT FIVE

1. Paragraph One of Count Five contains a preliminary statement summarizing the Plaintiff's allegations within the Count, and as such does not require a response. To the extent that the

Plaintiff's preliminary statement makes factual allegations against Defendant Chrispin, they are denied.

2. Paragraph Two of Count Five states a legal conclusion and as such does not require a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

3. Paragraph Three of Count Five states a legal conclusion and as such does not require an a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

4. Paragraph Four of Count Five states a legal conclusion and as such does not require an a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

5. Paragraph Five of Count Five states a legal conclusion and as such does not require an a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

6. Defendant Chrispin denies the allegations contained in Paragraph Six of Count Five.

7. Paragraph seven of Count Five states a legal conclusion and as such does not require an a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

8. Paragraph Eight of Count Five contains the Plaintiff's prayer for relief for this count, and as such does not require a response. To the extent that the Plaintiff's prayer for relief makes factual allegations against Defendant Chrispin, they are denied.

### COUNT SIX

1. Paragraph One of Count Six contains a preliminary statement summarizing the Plaintiff's allegations within the Count, and as such does not require a response. To the extent that the Plaintiff's preliminary statement makes factual allegations against Defendant Chrispin, they are denied.

2. Paragraph Two of Count Six states a legal conclusion and as such does not require a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

3. Paragraph Three of Count Six states a legal conclusion and as such does not require an a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

4. Paragraph Four of Count Six states a legal conclusion and as such does not require an a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

5. Paragraph Five of Count Six states a legal conclusion and as such does not require an a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

6. Defendant Chrispin denies the allegations contained in Paragraph Six of Count Six.

7. Paragraph Seven of Count Six states a legal conclusion and as such does not require an a response. To the extent that the paragraph makes factual allegations against Defendant Chrispin, they are denied.

8. Paragraph Eight of Count Six contains the Plaintiff's prayer for relief for this count, and as such does not require a response. To the extent that the Plaintiff's prayer for relief makes factual allegations against Defendant Chrispin, they are denied.

### COUNT SEVEN

Defendant Chrispin does not answer Count Seven, as it is directed against another defendant.

### COUNT EIGHT

Defendant Chrispin does not answer Count Eight, as it is directed against another defendant.

### COUNT NINE

Defendant Chrispin does not answer Count Nine, as it is directed against another defendant.

### AFFIRMATIVE DEFENSES

*First Affirmative Defense*

The Complaint fails to state a claim against Defendant Chrispin upon which relief may be granted.

*Second Affirmative Defense*

Defendant Chrispin states that he is a public employee entitled to immunity for negligent acts committed during the scope of his employment, pursuant to the Massachusetts Torts Claims Act.

*Third Affirmative Defense*

Defendant Chrispin states that at all relevant times, he acted in good faith and in accord with the Constitution and laws of the United States and of the Commonwealth of Massachusetts.

### *Fourth Affirmative Defense*

Defendant Chrispin states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States, or of the Commonwealth of Massachusetts.

### *Fifth Affirmative Defense*

Defendant Chrispin states that the injury or damage alleged in Plaintiff's Complaint was neither caused nor proximately caused by him.

### *Sixth Affirmative Defense*

Defendant Chrispin states that the injuries and damages alleged were caused by the Plaintiff's own intentional conduct and not the conduct of Defendant Chrispin.

### *Seventh Affirmative Defense*

Defendant Chrispin states that the Plaintiff, by his own acts, omissions, conduct and activities is estopped from asserting any claim against Defendant Chrispin.

### *Eighth Affirmative Defense*

Defendant Chrispin states that he is entitled to qualified immunity.

### *Ninth Affirmative Defense*

The Plaintiff did not make valid presentment of his claim pursuant to G.L. c. 258, §4.

**JURY CLAIM**

Defendant Chrispin demands a trial by jury on all claims.

    Respectfully submitted,
    DEFENDANT, EDDY CHRISPIN,

    Merita A. Hopkins
    Corporation Counsel

    By his attorney:

    s/ James M. Chernetsky
    _____
    James M. Chernetsky
    Assistant Corporation Counsel
    City of Boston Law Department
    Room 615, City Hall
    Boston, MA 02201
    (617) 635-4048
    BBO# 638152